UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HERITAGE BANK,                )
                              )
    Plaintiff,                )    Case No. 3:13-cv-0719
                              )    Judge Trauger
v.                            )
                              )
DANNIE R. HOLT and MELBA HOLT, )
                              )
    Defendants.               )

**MEMORANDUM AND ORDER**

Pending before the court is a Motion for Summary Judgment filed by the plaintiff, Heritage Bank ("Heritage") (Docket No. 10). The defendants, Dannie and Melba Holt (collectively, "defendants"), have not opposed the plaintiff's motion. For the reasons stated herein, the plaintiff's motion will be granted.

**BACKGROUND**[1]

Plaintiff Heritage is a current holder of four promissory notes (the "Notes") executed by a company, Holt LLC, in favor of Heritage. (Docket No. 10, Exs. 3-4.) The Notes were executed on four occasions over a period of nearly four years:

- Note 1, dated March 29, 2012, in the principal amount of $4,100,000.00;

---

[1] Unless otherwise noted, the facts are drawn from the plaintiff's statement of undisputed facts, as well as declarations and exhibits filed by the plaintiff. (Docket No. 10, Exs. 2-9.) Because the defendants have not addressed Heritage's statement of undisputed facts, the court will consider the facts cited therein to be undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e); Local Rule 56.01(g).

1

- Note 2, dated July 10, 2006, in the principal amount of $300,000.00;

- Note 3, dated August 28, 2008, in the original principal amount of $2,639,190.00; and

- Note 4, dated March 29, 2012, in the original principal amount of $2,427,275.00.

In sum, the original aggregate principal of the Notes totaled $9,466,465.00.

To induce Heritage to extend credit to Holt LLC under the Notes, defendants Dannie and Melba Holt executed guaranty agreements dated October 6, 2006 and November 10, 2006 (the "Guaranties"). (Docket No. 10, Ex. 5.) The Guaranties, although executed separately by the respective defendants, appear to be identical. The Guaranties personally obligate the Holts to repay any and all of Holt LLC's existing or future obligations to Heritage, including interest, and to pay all of Heritage's costs and expenses, including attorney's fees and other legal expenses, incurred in connection with the enforcement of the Guaranties. (*Id.*) Further, under the Guaranties, the Holts unconditionally guarantee due performance and prompt payment of the indebtedness evidenced by the Notes. (*Id.*) The Guaranties further provide that the Holts have waived any right to require Heritage to resort to payments directly against Holt LLC or to proceed directly against any collateral held by Holt LLC. (*Id.*) Moreover, upon execution of the Guaranties, the Holts agreed that any payments made upon the indebtedness evidenced by the Notes would not discharge or diminish the continuing liability of the Holts, as guarantors, in connection with any remaining portions of Holt LLC's indebtedness. (*Id.*)

It is undisputed that Holt LLC defaulted on its obligations under the Notes. In letters dated May 7, 2013, Heritage informed Holt LLC of its default and Heritage's intent to pursue claims under the related loan documents.

Subsequently, Holt LLC filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Action"). (Case No. 13-br-06154.) Despite the company's bankruptcy, based on the undisputed facts, Heritage contends that defendants Dannie and Melba Holt remain jointly and severally liable to pay Heritage the entire amount outstanding under the Notes, plus interest, attorney's fees, court costs, and other expenses, all of which continue to accrue.[2] As of July 17, 2013, Heritage contends that Holt LLC was indebted under the Notes in the aggregate principal amount of $8,723,286.25. (Docket No. 10, Ex. 3 ¶¶ 5-9 (Declaration of P. Michael Foley III ("Foley Decl.")).)[3]

On July 22, 2013, Heritage filed the Complaint in this action, seeking a judgment against Dannie and Melba Holt for the amounts owed and future amounts due under the Notes through the date of entry of judgment, plus all of Heritage's costs and expenses incurred in connection with the enforcement of the Guaranties. (Docket No. 1.) The defendants answered the

---

[2] The plaintiff has submitted a transcript of Holt LLC's first meeting of creditors in the Bankruptcy Action. The transcript contains sworn testimony from Dannie Holt that he and his wife, Melba Holt, are personally liable for Holt LLC's indebtedness to Heritage. (Docket No. 10, Ex. 8.) The plaintiff has also submitted a document from the Bankruptcy Action which lists the defendants as co-debtors with regard to the Heritage debt on Holt LLC's voluntary bankruptcy petition. (*Id.*, Ex. 9.)

[3] P. Michael Foley III, who has submitted a declaration in support of Heritage's motion, is the Senior Vice President and Chief Credit Officer of Heritage. (Docket No. 10, Ex. 3.) The Foley Declaration includes an accounting of the aggregate principal balances of the Notes as of July 17, 2013. (*Id.* ¶¶ 5-9.)

3

Complaint on August 14, 2013. (Docket No. 7.) The plaintiff filed the pending motion on October 16, 2013, requesting final judgment in its favor in an amount equal to the outstanding balance of the Notes, as well as an award of post-judgment interest and costs of collection. (Docket No. 10.)

Upon motions filed jointly by the parties, the court twice extended the deadline for a filing of the defendants' response to the plaintiff's motion. (Docket Nos. 19, 22.) The defendants failed to file a response to the plaintiff's motion by February 24, 2014, the last deadline set by the court.

## ANALYSIS

I. **Rule 56 Standard**

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable."  *Anderson*, 477 U.S. 242, at 252.  An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party.  *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

The court may not grant a moving party's motion solely on the grounds that its adverse party has failed to respond.  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998).  The Sixth Circuit has explained:

> A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged his burden . . . .  The federal rules require that a party filing a motion for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact.

*Id.*  Nevertheless, a non-moving party's failure to respond to a motion "shall indicate that there is no opposition to the motion."  Local Rule 7.01(b).

## II. The Plaintiff's Motion

### A. Liability

The plaintiff submits that there is no genuine issue of material fact as to the defendants' liability because (1) the defendants admit that they executed the Guaranties; (2) the plaintiffs admit that Holt LLC defaulted on its obligations under the Notes; and (3) the express terms of the Guaranties obligate the Holts to repay Holt LLC's indebtedness.  The court agrees.

5

Under Tennessee law, a guaranty is an independent collateral promise by one to answer for a debt in default of a third.[4] *Memphis Sheraton Corp. v. Kirkley*, 640 F.2d 14, 17 (6th Cir. 1981). Guaranties on commercial leases or loans are considered "special contracts under Tennessee law." *SunTrust Bank v. Durrough*, 59 S.W.3d 153, 156 (Tenn. Ct. App. 2001). In order to encourage the extension of lines of credit, "Tennessee does not favor guarantors and will construe a guaranty against the guarantor as strongly as the language will permit." *Memphis Sheraton Corp.*, 640 F.2d at 17. As to the meaning of the Guaranties, "[t]he cardinal rule of contract interpretation is that the court must attempt to ascertain and give effect to the intention of the parties." *See Winfree v. Educators Credit Union*, 900 S.W.2d 285, 280 (Tenn. Ct. App. 1995). "When the language of a contract is plain and unambiguous, courts must determine the parties' intention from the four corners of the contract, interpreting and enforcing it as written." *Simonton v. Huff*, 60 S.W.3d 820, 825 (Tenn. Ct. App. 2000).

Here, the undisputed facts establish that Heritage is entitled to summary judgment against the defendants. The Guaranties are valid and enforceable contracts, and the terms of the Guaranties are unambiguous as to the defendants' obligations to repay the indebtedness of the borrower—Holt LLC. It is undisputed that Heritage performed its obligations under the Notes, and that Holt LLC breached its obligations and is in default.[5] Moreover, it is undisputed that the terms of the Guaranties obligate the Holts, jointly and severally, to repay Holt LLC's indebtedness under the Notes, including interest on the principal amount owed and costs incurred

---

[4] By their express terms, the Guaranties are governed by Tennessee law. (Docket No. 10, Ex. 5.)

[5] The court notes that the Holts appear to admit their liability and Holt LLC's default in their Answer to the Complaint. (Docket No. 7, ¶¶ 7, 9.)

by Heritage in its collection of the monies owed, including attorney's fees.  Accordingly, summary judgment is appropriate for the plaintiff as to its claims against the Holts.

**B.  Assessing the Amount Owed by the Defendants**

Per the express terms of the Guaranties, judgment in Heritage's favor is clearly warranted for the aggregate balance of the principal amounts of the Notes, $8,723.286.25, Heritage's costs and expenses associated with enforcement of the Guaranties, and post-judgment interest.

As to the plaintiff's request for costs and fees associated with Heritage's enforcement of the Guaranties, the plaintiff has not submitted any declaration or schedule setting forth the costs, attorney's fees, or other expenses that it has incurred in connection with the enforcement of the Guaranties.  Accordingly, the court will order the plaintiff to submit evidence demonstrating the amount that it seeks to recover pursuant to the Guaranties.

As to the plaintiff's request for post-judgment interest, "[i]n diversity cases in this Circuit, federal law controls post-judgment interest." *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 410 (6th Cir. 2005).  28 U.S.C. § 1961 provides, in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961 (2014).  Here, the applicable rate for the court's judgment is 0.10%.

Accordingly, the court concludes that the plaintiff is entitled to judgment and monetary recovery, including the aggregate principal owed under the Notes, post-judgment interest at the applicable rate, and the plaintiff's costs and fees related to the enforcement of the Guaranties.

7

## **CONCLUSION**

For these reasons, Heritage's Motion for Summary Judgment is **GRANTED**. Pursuant to this Memorandum & Order, judgment shall be entered for the plaintiff on the following terms:

1. The plaintiff is awarded $8,723.286.25 in principal.

2. The plaintiff is awarded post-judgment interest at a rate of 0.10%.

3. The plaintiff is entitled to costs of collection, including attorney's fees, subject to the court's review of a declaration to be filed by the plaintiff and accounting for the plaintiff's costs of collection.

It is further **ORDERED** that the plaintiff will submit a declaration setting forth an accounting of the costs of collection sought per the terms of the Guaranties before July 7, 2014.

It is so **ORDERED**.

Enter this 4th day of June 2014.

_____
ALETA A. TRAUGER
United States District Judge